UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAILINI BALDEO,

    Plaintiff,

v.                                                CASE NO. 8:12-cv-02762-EAK-EAJ

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORES,
DOLLAR GENERAL CORPORATION,
DOLLAR GENERAL STORES, and
DOLLAR GENERAL

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

This cause is before the Court on Defendants' Motion for Summary Judgment and Memorandum in Support (Doc. 18), Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Memorandum in Support of the Opposition (Doc. 21–23), Defendants' Motion to Strike and Incorporated Memorandum in Support (Doc. 26), Defendants' Reply Memorandum in Support of Motion for Summary Judgment (Doc. 27), and Plaintiff's Response in Opposition to Defendants' Motion to Strike and Incorporated Memorandum in Opposition (Doc. 29). For the reasons set forth below, Defendants' Motion for Summary Judgment is **DENIED** and Defendant's Motion to Strike is **DENIED.**

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff, Nailini Baldeo, filed her Complaint pursuant to the Title VII of the Civil Rights Act of 1964 for employment discrimination (Doc. 1) on December 7, 2012, against Defendants Dolgencorp, LLC, dba Dollar General Stores, Dollar General Corporation, Dollar General Stores, and Dollar General.[1] On June 2, 2014, Defendants filed their Motion for Summary Judgment and Memorandum in Support. (Doc. 18). Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment and Memorandum in Support of the Opposition on July 3, 2014. (Doc. 21–23). On July 15, 2014, Defendants filed a Motion to Strike and Incorporated Memorandum in Support. (Doc. 26). The next day, Defendants filed their Reply Memorandum in Support of Motion for Summary Judgment. (Doc. 27). Plaintiff filed her Response in Opposition to Defendants' Motion to Strike and Incorporated on July 29, 2014. (Doc. 29).

The parties submitted the following facts in support and/or in opposition to Defendants' Motion for Summary Judgment and Motion to Strike. The Court recognizes these as "facts" only in regard to resolution of the pending motions.

Plaintiff is an African-American female who resides in Lake Wales, Florida. (Doc. 1 p. 2–3). Defendant, Dolgencorp, LLC, is a Florida Foreign Limited Liability Company and a Kentucky Limited Liability Company that is authorized to conduct business in Florida. (Doc. 1 p. 2). The Lake Wales Dollar General is where the alleged discrimination occurred. (Doc. 1 p. 2–3). Caucasian store manager, Diana Lamar

---

[1] Dolgencorp, LLC is Plaintiff's employer and proper named party. Therefore, the Court will refer to the employer as Defendant for the remainder of this order.

("Lamar"), hired Plaintiff to work part time as a Sales Associate at the Lake Wales Dollar General in August 2010. (Doc. 18 p. 2). Lamar explained that Plaintiff could not obtain full time hours unless promoted to a keyholder/Lead Sales Associate. (Doc. 18 p. 2). At the time Plaintiff was hired, Sarah Coon ("Coon") and Theresa Francis ("Francis") worked as keyholders; assistant Manager and Lead Sales Associate respectively. (Doc. 18 p. 2).

At the time Plaintiff was hired, she was working as a home health care nurse, so she reported restricted availability when filling out her availability for work. (Doc. 18 p. 2). Plaintiff could not work Tuesday and Wednesdays at that time and had restricted hours for the remainder of the week. (Doc. 18 p. 2). When Plaintiff's nursing work decreased, Plaintiff sought to work more for Defendant but no hours were available in December 2010. (Doc. 18 p. 3). Plaintiff then began working at a 7-Eleven thirty-two to forty hours a week. (Doc. 18 p. 3). Lamar knew of this job and Plaintiff remained working part time at Dollar General. (Doc. 18 p. 3).

Plaintiff was reprimanded several times over the following few months for various performance and conduct problems. (Doc. 18 p. 3). This caused Lamar's opinion of Plaintiff's performance to change. (Doc. 18 p. 3).

Francis left her Lead Sales Associate position in March/April 2011. (Doc. 18 p. 3). Plaintiff's availability was still similarly restricted as she was when she first became employed with Defendant showing Plaintiff only available 1:30pm to 9:30pm five days a week. (Doc. 18 p. 3). Lamar promoted Cheyanne Brush ("Brush"), who was hired two months after Plaintiff, to Lead Sales Associate. (Doc. 18 p. 4). Because of her limited

3

availability and Lamar's opinion that Brush was a better candidate, Lamar stated that Plaintiff was not considered because Lead Sales Associates must be available at all times the store is open. (Doc. 18 p. 4). Plaintiff complained to the Employee Response Center and was told that the district manager, Brad Gilliand ("Gilliand") would look into it. (Doc. 18 p. 4).

On May 18, 2011, Plaintiff quit her 7-Eleven job to provide more availability to Defendant. (Doc. 18 p. 4). She also attended work-related courses to prepare for a upcoming May promotion. (Doc. 18 p. 4). Dollar General Human Resources Manager, Cindy Douglas ("Douglas"), spoke to Plaintiff about moving to a full time position in Lake Alfred, but Plaintiff did not want to transfer. (Doc. 18 p. 5).

Plaintiff was terminated from Dollar General in August 2011 allegedly based on complaints of Plaintiff's use of racial slurs in the workplace and refusal to participate in the ensuing investigation. (Doc. 18 p. 5). On December 7, 2012, Plaintiff filed suit against Defendants on the grounds that Lamar failed to promote her because of race. (Doc. 1 p. 3).

## STANDARD OF REVIEW

### I. MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and showing the court the portions of the record that demonstrate that no genuine issue as to any

material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). That burden is discharged if the moving party shows the Court there is "an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets this burden, the nonmoving party must then identify specific facts that show a genuine issue of material fact exists to defeat summary judgment. *Id.* at 324.

A "genuine" issue of fact exists if a reasonable jury, after considering the evidence presented, could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). An issue of fact is material when it could affect the outcome of a trial under the governing substantive law. *Id.* at 248; *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). Courts ruling on motions for summary judgment must view the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir. 1983). Weighing of evidence, determination of credibility, and drawing of reasonable inferences from the facts are functions of the jury, not the judge. *Anderson*, 477 U.S. at 255. Therefore, if determination of the case depends on which version of the facts and events is true, the case should be submitted to the jury and the motion for summary judgment should be denied. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

## II. MOTION TO STRIKE

Federal Rules of Civil Procedure, Rules 26 and 37 govern motions to strike affidavits. Rule 26 governs disclosure requirements. Fed. R. Civ. P. 26. Rule 26(a) requires parties to initially disclose, without waiting for request, "the name and, if known, the address and telephone number of each individual likely to have discoverable

information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party who has made an initial disclosure or responded to a discovery request must timely supplement or correct its disclosure or response if it has learned that the disclosure or response is materially incomplete or incorrect and if the other parties have not learned about the additional or corrective information in the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c) governs sanctions available for failure to comply with Rule 26. Fed. R. Civ. P. 37(c). It provides that if a party fails to comply with Rule 26(a) or (e), the party will be prohibited from using that information or witness to provide evidence for a motion, hearing, or trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). If the material is supplied for impeachment purposes only, there is no Rule 26 violation, Fed. R. Civ. P. 26(a)(1)(A)(i), and Rule 37(c) sanctions do not apply. Fed. R. Civ. P. 37(c)(1). If there is a Rule 37(c) violation, the nondisclosing party bears the burden of establishing that a failure to disclose was substantially justified or harmless. *Murdick v. Catalina Marketing Corp.*, 496 F.Supp.2d 1337, 1345 (M.D. Fla. 2007). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010)(quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

Plaintiff has alleged a violation of Title VII of the Civil Rights Act of 1964 against Defendants, claiming that the decision to promote different employees rather than Plaintiff was motivated by unlawful racial discrimination. Defendants filed a motion for summary judgment. The issue is whether Plaintiff has demonstrated enough evidence to prove there is a genuine issue as to material fact in this disparate treatment claim. Plaintiff can defeat summary judgment by producing "direct evidence of discrimination motivating the employment decision at issue, or by producing circumstantial evidence sufficient to allow an inference of discrimination." *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998).

**A. Direct Evidence**

Plaintiff protests summary judgment because she asserts she has direct evidence that Defendant failed to promote her because of her race. If Plaintiff is correct, then summary judgment is not appropriate, and the burden shifts to Defendant to prove he would have made the same decision even if race were not a criteria. *Carter*, 132 F.3d at 641.

Direct evidence is "'evidence, which if believed, proves existence of fact in issue without inference or presumption.'" *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (quoting *Rollins*, 833 F.2d at 1528). "[O]nly the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Wilson v. B/E*

*Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (quotation marks omitted); *see, e.g.*, *Haynes v. W.C. Caye & Co.*, 52 F.3d 928, 931 (11th Cir. 1995) ("[A] statement that members of a racial minority in general or women in general are simply not competent enough to do a particular job would seem to be a classic example of direct evidence."); *E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 923 (11th Cir. 1990) (manager's statement "you people cant do a _____ thing right" to a black employee was direct evidence); *Miles v. M.N.C. Corp.*, 750 F.2d 867, 876 (11th Cir. 1985) (manager's explanation for not hiring blacks that "half of them weren't worth a shit" was direct evidence). "If the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence." *Wilson*, 376 F.3d at 1086.

The only evidence that could possibly be direct is found in the Affidavit of Theresa Francis and its attached statement. In these, the former co-worker of Plaintiff states, "In a personal conversation with Ms. Lamar, she stated to me that 'No nigger people will be in management position as long as I'm the manager of this store.'"

Plaintiff does not contend that Defendant ever explicitly told her she was not promoted because of her race. According to Plaintiff, "the action speaks for itself." There is no evidence that Francis's personal conversation with Lamar concerned the promotion decisions at issue. Nor does Francis's personal conversation mean Defendant were discriminatory in his promotion decisions. Direct evidence does not require an "inferential leap between fact and conclusion." *Carter*, 132 F.3d at 642. The Affidavit of Theresa Francis and its attached statement can, at best, serve as circumstantial evidence.

### B. Circumstantial Evidence

Plaintiff claims she produced circumstantial evidence sufficient to allow a reasonable trier of fact to infer that Defendant's decision not to promote Plaintiff was racially motivated. In evaluating the evidence, the *McDonnell Douglas* burden shifting analysis applies. Under this analysis, Plaintiff must first produce circumstantial evidence of racial discrimination and establish a prima facie case of racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This burden is satisfied by proving: (1) the plaintiff is a member of a protected minority group; (2) the plaintiff was qualified for and applied for a promotion; (3) the plaintiff was rejected in spite of his qualifications; and (4) the individual who received the promotion is not a member of a protected group and had lesser or equal qualifications. *Id.* If Plaintiff can prove these elements, an assumption of racial discrimination is created that the defendant must defeat or lose as a matter of law, and it means that the plaintiff has provided enough evidence for a reasonable trier of fact to decide. *Carter*, 132 F.3d at 642–43. If this burden is met, the issue to decide is whether the defendant's explanations are pretextual. *Id.* at 643.

### 1. Prima Facie Case

It is undisputed that Plaintiff is black, applied and was rejected for promotion, and that another employee not of a protected class was promoted. It must be determined if Plaintiff was qualified for the promotion or as qualified as the employee who received the promotion.

The qualifications for the promotion must first be determined. It is clear from the depositions of Plaintiff, Lamar, and Gilliland that open availability was the essential

requirement. Defendant argues that Plaintiff did not possess the requisite availability for the promotion while Plaintiff contends her intended availability was always open. Plaintiff admits she worked multiple jobs and, at times, had limited availability. Plaintiff also contends that her other employment never interfered with her employment with Defendant. Plaintiff further notes that her request for increased hours was rejected. Defendant argues that Plaintiff continued to report a restricted availability and that her intended availability does not mean she could avail herself when needed. Viewed in the light most favorable to Plaintiff, the evidence provides that there is a genuine issue of material fact that whether Plaintiff was available.

Plaintiff argues that she was more qualified than the other employee who was promoted because she worked for Defendant longer and trained the employee who was promoted. Even if Plaintiff was minimally qualified for the promotion, Defendant contends she cannot prove that she was more qualified than the other employee who was promoted because Plaintiff relies on a co-worker's opinion that she was the better candidate. Defendant suggests that Plaintiff did not know what the actual qualifications at issue were. There is little objective evidence in the record to support a conclusion. Subjective criteria "cannot be relied upon by an employer seeking to defeat the plaintiff's prima facie case by showing that the plaintiff is less qualified than the applicant chosen for the promotion." *Carter*, 132 F.3d at 644.

It is clear that the evidence produced by Plaintiff in support of his prima facie case creates a genuine issue as to material facts, namely whether Plaintiff was qualified

for the position and whether Plaintiff was more qualified than the employee who received the promotion.

### 2. Defendant's Rebuttal

As legitimate reasons for failure to promote Plaintiff, Defendant repeats that Plaintiff was not qualified for promotion and that the other employee was more qualified than Plaintiff. Defendant states that Plaintiff lacked availability and had performance issues, so she could not be eligible for promotion. Defendant has adequately carried its burden, so Plaintiff must prove that Defendant's reasons are pretextual.

### 3. Plaintiff's Arguments of Pretext

If Plaintiff casts doubt on Defendant's reasons, there is a jury issue. *Carter*, 132 F.3d at 644. Plaintiff contends that the Affidavit of Theresa Francis and attached statement is direct evidence of pretext that Defendant's decision was based on race. As established above, the Affidavit of Theresa Francis and its attached statement cannot serve as direct evidence. Plaintiff contends that a comparison of Plaintiff and the promoted employee provides indirect evidence of pretext that the promotion decision was based on race. Plaintiff supplements the comparison with the Affidavit of Theresa Francis and its attached statement, which provides that Defendant said "[n]o nigger people will be in management position as long as I'm manager of this store." Because of that statement, plaintiff's former co-worker also provided that she was not surprised Plaintiff was not promoted. Given the foregoing, Plaintiff produced evidence that could cast doubt on Defendant's promotion decision.

11

The case has yet to be proved. A trier of fact may decide that Defendant did believe Plaintiff was, in fact, not qualified or less qualified than the other employee for the promotion. Plaintiff has raised a genuine issue of material fact as to the motivation behind Defendant's decision to promote other employees instead of Plaintiff. Therefore, Defendant's Motion for Summary Judgment is denied.

## II. MOTION TO STRIKE

Plaintiff submitted several attachments with her Response in Opposition to Motion for Summary Judgment and Memorandum in Support of the Opposition. The only subject to the motion to strike is an affidavit and attached statement written by Theresa Francis. Francis was an employee of Defendant and co-worker of Plaintiff. In this affidavit and statement, Francis states that she worked with Plaintiff and that she thought Plaintiff was qualified for promotion but not promoted for discriminatory reasons. Plaintiff submits this to support her claim that there was a pretext for discrimination.

Defendant filed a motion to strike the witness and her affidavit based on Rule 37. Defendant claims that Rule 26(a) and (e) mandate that a party must disclose, whether initially or supplemental, the name and address of all possible witnesses in support of his claims or defenses as well as the subjects of the information they may use. He claims that this includes the Affidavit of Theresa Francis and its attached statement. Defendant states that Rule 37(c) provides that this undisclosed material should be stricken.

Rule 26(a) provides that disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with

the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" must be made without request. Fed. R. Civ. P. (26)(a)(1)(A)(ii). A party must make the required disclosures "based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). Rule 26(e) further states supplemental disclosures to initial disclosures and responses to discovery requests must be made timely if it has been learned that a disclosure or response is materially incomplete or incorrect and if the other party has not learned about the additional or corrective information in discovery or writing. Rule 26(e)(1)(A). Rule 37(c) provides that undisclosed material required to be disclosed by Rule 26(a) or (e) must be stricken unless the nondisclosing party has substantial justification or the failure is harmless. Fed. R. Civ. P. 37(c)(1).

The Court must first determine if Plaintiff properly disclosed the Affidavit of Theresa Francis and its attached statement. If so, the analysis ends and the Affidavit of Theresa Francis and its attached statement will not be stricken. If they were not properly disclosed, the Court must determine whether the Affidavit of Theresa Francis and its attached statement were submitted for impeachment or for other purposes. If they were submitted solely for impeachment, then the motion to strike will not be granted, as disclosure was not required. If the Affidavit of Theresa Francis and its attached statement were not submitted solely for impeachment, the Court must determine if the nondisclosing party had substantial justification for not disclosing them or if the failure to disclose was harmless to the other party. If there is substantial justification for the failure

to disclose or the failure is harmless, the Affidavit of Theresa Francis and its attached statement will not be stricken.

Plaintiff never provided initial or supplemental disclosure of Francis as a witness without request as required by Rule 26. Instead of providing disclosure based on information known at the time, Plaintiff waited until notified with a Request for Production to inform Defendant of Francis with a list of "Parties involved---From the Beginning---." In a Request for Discovery question that asked for identifying information about Francis, Plaintiff referred to the list of names provided in the Request for Production. At no point in time after obtaining Francis's phone number and employer did Plaintiff supplement her responses nor did Defendants ever learn of this additional information. Further, Plaintiff did not supplement her responses with the Affidavit of Theresa Francis and its attached statement. Defendants did not become aware of the Affidavit of Theresa Francis and its attached statement until they received it a month after Plaintiff learned that Francis would be testifying. Thus, Plaintiff did not satisfy her Rule 26 disclosure obligations, and the Court must determine if that the Affidavit of Theresa Francis and attached statement were submitted solely for impeachment purposes.

Plaintiff does not state that the Affidavit of Theresa Francis and attached statement are to be used for impeachment purposes. Since the Affidavit of Theresa Francis and attached statement were not submitted for impeachment purposes, they must be stricken unless there was substantial justification for not disclosing them or if failure to disclose was harmless to Defendant.

Plaintiff argues that her failure to disclose the Affidavit of Theresa Francis and attached statement were substantially justified and harmless. Plaintiff claims substantial justification for nondisclosure of the Affidavit of Theresa Francis is that Francis's testimony could not be validated until her statement was translated into a sworn affidavit. Further, that the nondisclosure of the written statement is substantially justified because the Defendant timely received it within thirty days of Plaintiff receiving the signed statement. Plaintiff also claims that nondisclosure of the Affidavit of Theresa and attached statement is harmless because Plaintiff disclosed the witness's name in the Request for Production and revealed the content of the witness's testimony in Plaintiff's deposition, so the affidavit came at no surprise to Defendants.

Francis was identified in Plaintiff's response to Defendants' Request for Production. Francis's name was again referenced in Plaintiff's response to Defendants' Request for Discovery. Defendants learned about Francis's knowledge when Plaintiff described her conversations with Francis in Plaintiff's deposition. Thus, the Affidavit of Theresa Francis and its attached statement should have come as no surprise to Defendants. The Court therefore believes that Plaintiff's failure to disclose properly does not prejudice Defendants. The Court concludes that Plaintiff's failure to disclose the Affidavit of Theresa Francis and its attached statement is harmless. Thus, the Court declines to strike the Affidavit of Theresa Francis and its attached statement. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment is **DENIED** and that the Defendant's Motion to Strike is **DENIED**.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 23rd day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All parties and counsel of record.